

**MEMO ENDORSED**

Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
+1.212.588.0800 Main
haugpartners.com

January 29, 2025

Via CM/ECF

The Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Jonathan A. Herstoff
jherstoff@haugpartners.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2025
```

Re:   *Knocking Inc. v. Carter et al.*, No. 1:24-cv-09020-VEC

Dear Judge Caproni:

Defendants Candy Carter, Ana Pitcher, and Cistus Media Inc., ("Carter Defendants") respectfully request that the Court stay discovery in this case pending the Court's resolution of Defendants' motion to dismiss (ECF No. 35). The undersigned reached out to counsel for Plaintiff Knocking Inc. ("Plaintiff" or "Knocking") and counsel for Defendant Courtney Spencer ("Spencer") to seek their position on this motion. Plaintiff does not consent, and the undersigned has not received a response from Spencer. As outlined below, a stay is appropriate because the motion to dismiss is likely to be granted and presents straightforward questions of law. A stay is especially appropriate where, as here, there are serious questions whether the Court has jurisdiction in this case. Although Defendant Spencer has not filed a motion to dismiss, the Carter Defendants note that their argument that Plaintiff lacks Article III standing implicates this Court's subject-matter jurisdiction, and is equally applicable to Plaintiff's claims against Spencer. Therefore, a stay of discovery is warranted even though Spencer has not moved to dismiss.

**I.     Background**

On November 25, 2024, Knocking filed its Complaint accusing Defendants of violating the Defend Trade Secret Act ("DTSA"). ECF No. 1. Using the DTSA claim as a means to invoke this Court's subject-matter jurisdiction, Plaintiff also added twelve state-law claims to their Complaint. *Id.* Because there is no complete diversity of citizenship, subject-matter jurisdiction over the state-law claims would exist only under 28 U.S.C. § 1367, and supplemental jurisdiction does not exist if the Court lacks subject-matter jurisdiction over the federal claim. On January 21, 2025, the Carter Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and a supporting memorandum. ECF Nos. 35-36. An initial pre-trial conference has been scheduled for January 31, 2025. ECF No. 14. Trial has not yet been scheduled.

The Carter Defendants' motion to dismiss has ample support to merit a stay until the motion is decided. *First*, and it is doubtful that the Court has subject-matter jurisdiction. Because Plaintiff has

shown that it is at most a nonexclusive licensee of the alleged trade secrets at issue, Plaintiff lacks Article III standing to bring this case under the DTSA. Although the issue appears not to have been directly addressed in the context of the DTSA, ample precedent in the patent and copyright context confirm that a party lacks standing to assert the intellectual-property rights of others. This defect deprives the Court of subject-matter jurisdiction over the entirety of the case, because there is no independent jurisdictional basis over the state-law claims. *Second*, it is questionable at best whether the Court has personal jurisdiction over the Carter Defendants. *Third*, even if not an Article III defect, Plaintiff lacks statutory standing to bring the DTSA claim. *Fourth*, the DTSA claim fails for multiple reasons. For instance, the face of the Complaint makes apparent that: (i) Plaintiff's allegations do not describe material that is protectable as a trade secret under trade-secret law, and indeed, constitutes publicly available material; and (ii) Plaintiff has not alleged activity that constitutes misappropriation. *Fifth*, although the Court need not reach the issue given the multiple defects with the DTSA claim, there are additional fatal deficiencies with some of the state-law claims.

Simply put, the Complaint contains multiple deficiencies that warrant dismissal. Therefore, the Court should stay discovery until the motion to dismiss is resolved.

## II.     Argument

Under Fed. R. Civ. P. 26(c), this Court "has considerable discretion to stay discovery" for good cause shown. *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, 2014 WL 12993447, at *1 (S.D.N.Y. Oct. 20, 2014) (Caproni, J.). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In considering whether to grant a stay of discovery, courts consider the strength of the dispositive motion, the "breadth of discovery" sought, and any "prejudice" that would result. *See Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (staying discovery pending resolution of motion to dismiss); *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (same).

A stay is warranted in this case, as each of the relevant factors—the strength of Defendants' pending motion, the undue expenses and burden Defendants will incur if discovery proceeds, and the absence of any unfair prejudice to Plaintiff—favors a stay.

### A.     The Carter Defendants Have Strong Bases for Dismissal

Defendants have a strong dispositive motion that details multiple independent bases for dismissal. This "strength of the motion" factor requires the movant to show "substantial arguments for dismissal." *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023). Courts have, accordingly, granted a discovery stay where the defendant has filed a motion to dismiss that "is potentially dispositive, and appears to not be unfounded in law." *Id.*; *see Spencer Trask*, 206 F.R.D. at 368; *Miller*, 2020 WL 7483945, at *2. A stay of discovery is particularly appropriate where—as here—the motion to dismiss raises threshold jurisdictional issues. *See Renois v. WVMF*

*Funding, LLC*, No. 20 Civ. 9281, 2021 WL 1721818, at *1-2 (S.D.N.Y. Apr. 30, 2021) (finding that a stay appropriate pending the resolution of a motion to dismiss that raised questions regarding the plaintiff's standing to bring suit).

Here, Defendants' motion to dismiss is strong because it advances "substantial arguments for dismissal." Indeed, the motion to dismiss implicates threshold issues concerning this Court's jurisdiction, and also addresses multiple reasons why Plaintiff's claims fail as a matter of law. *See* ECF No. 36. The motion to dismiss addresses all thirteen causes of action and no claims will remain if the motion is granted. For example, Plaintiff's Complaint makes apparent that Plaintiff is, at most, a nonexclusive licensee of the alleged trade secrets. The DTSA is clear that only an "owner" of a trade secret is entitled to bring suit. 18 U.S.C. § 1836(b)(1). The DTSA goes on to define an "owner" as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." 18 U.S.C. § 1839(4). In context, the term "license" clearly refers to exclusive licenses, not mere nonexclusive licenses, because nonexclusive licensees, by definition, have no exclusionary rights. Indeed, as the Federal Circuit has explained in the patent context, a nonexclusive license is merely "a promise not to sue for infringement." *TransCore, LP v. Electronic Transaction Consultants Corp.*, 563 F.3d 1271, 1276 (Fed. Cir. 2009) (citations omitted); *see also Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007) (similarly recognizing that a nonexclusive copyright license "conveys no ownership interest" and does not allow a nonexclusive licensee to sue for infringement). Even if the Court interpreted "licensees" to include nonexclusive licensees, Plaintiff would still lack Article III standing because the Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). Simply put, Plaintiff lacks standing to bring its DTSA claim. ECF No. 36 at 11-13. "A district court properly dismisses an action for lack of subject-matter jurisdiction under Rule 12(b)(1) if the court lacks the statutory or constitutional power to adjudicate it, such as when the plaintiffs lack constitutional standing to bring the action." *Citizens to Protect Our Neighborhoods v. Village of Chestnut Ridge, New York*, 98 F.4th 386, 391 (2d Cir. 2024) (cleaned up). Notably, if the Court finds that Plaintiff lacks standing to bring the DTSA claim, that conclusion would be equally applicable to Defendant Spencer. Accordingly, discovery should be stayed during the pendency of the Carter Defendants' motion to dismiss, even though Spencer has not separately moved to dismiss.

Moreover, as explained in detail in the brief supporting the motion to dismiss, Plaintiff has not established that the Court has personal jurisdiction over the Carter Defendants, either under New York's long-arm statute or as a matter of due process. ECF No. 36 at 7-11. Indeed, Plaintiff makes no allegations that any tortious conduct occurred in New York, nor that any trade secret was improperly acquired or disclosed in New York. ECF No. 36 at 7-11. Lack of personal jurisdiction provides an additional basis for dismissal.

Further, the Carter Defendants have detailed multiple reasons why Plaintiff's DTSA claim fails as a matter of law even if Plaintiff had standing to sue. For instance, Plaintiff fails to identify its alleged

trade secrets with sufficient particularity, and essentially seeks to define nearly all of its general business practices and information as having trade-secret status. ECF No. 36 at 15-16. Failure to particularize the alleged trade secrets warrants dismissal under Rule 12(b)(6). Additionally, Plaintiff pleads no facts to show that its alleged trade secrets have independent economic value. ECF No. 36 at 16-18. As discussed in the Carter Defendants' brief, well-established case law demonstrates that this failure dooms Plaintiff's DTSA claim and state-law trade-secret claim. ECF No. 36 at 16-18. Moreover, the facts pleaded in the Complaint demonstrate that the alleged trade secrets are publicly available, further showing that the trade-secret allegations fail as a matter of law. ECF No. 36. at 18-19. Finally, Plaintiff has pled no facts that plausibly demonstrate any misappropriation by the Carter Defendants. ECF No. 36 at 19-21. Similarly, although the Court need not reach the state-law claims separately if it dismisses the DTSA claim (and lacks jurisdiction over them if the Court finds that it lacks subject-matter jurisdiction over the DTSA claim), some of the state-law claims also have several fatal deficiencies. ECF No. 36 at 21-26.

In sum, the Carter Defendants have presented strong grounds for dismissal. Accordingly, a stay of discovery is warranted during the pendency of the motion to dismiss.

**B.     The Remaining Factors Similarly Favor a Stay of Discovery**

The remaining factors—breadth of discovery and prejudice in responding to it—similarly favor a stay of discovery. The Carter Defendants will be unduly burdened by the breadth of discovery if it were to proceed before the Court rules on the pending motion to dismiss. Recognizing the burden placed on defendants, courts have granted brief stays while considering dispositive motions or where the lawsuit "may be significantly reshaped following [a] motion[] to dismiss," *In re Commodity Exch., Inc.*, 2014 WL 12993447, at *1; *see Sharma*, 345 F.R.D. at 568. Defendants' pending motion to dismiss seeks "dismissal of the entire complaint on multiple grounds, and if granted, any discovery . . . conducted in the interim w[ill be] without purpose." *Mineo v. Town of Hampstead*, 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023).

Without a stay, the Carter Defendants will likely be forced to engage in broad discovery, and Plaintiff will undoubtedly demand highly confidential information about the Carter Defendants' business. Given the many reasons why Plaintiff's claims are not cognizable as a matter of law, it would be unjust to require the Carter Defendants to divulge highly confidential information to its direct competitor at this time. Although Plaintiff has not yet served any discovery requests, Plaintiff's requests undoubtedly will be broad and involve all three individual Defendants producing documents and communications across the different durations each worked for Plaintiff. Discovery would also likely extend beyond each Defendants' employment for Plaintiff and into their personal communications to try and prove they conspired in an effort to obtain the alleged trade secrets. Separately, after considering the motion to dismiss the lawsuit "may be significantly reshaped" depending on the number of claims that are allowed to proceed. Granting a stay to avoid this broad discovery would also comport with the aim of ensuring "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

January 29, 2025<br>Page 5

      Further, Plaintiff will not be prejudiced by a stay of discovery because Plaintiff has no actual need for discovery at this stage and cannot show undue prejudice.  *See In re Smith Barney Transfer Agent Litig.*, No. 05 CIV. 7583 WHP, 2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012) ("the discovery stay will subject [p]laintiffs to no possible prejudice beyond delay").  Discovery will not help Plaintiff address the Article III standing defect raised in the motion to dismiss, and therefore a stay would not constitute undue prejudice.  Moreover, the passage of a reasonable amount of time "itself cannot constitute prejudice sufficient to defeat a motion to stay discovery."  *Broccoli v. Ashworth*, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023).

      Even assuming *arguendo* that there were any prejudice to Plaintiff, any such prejudice would be minimal because a ruling on the motion to dismiss is unlikely to take long.  In balancing the hardships of the parties, Defendants having to produce documents and communications spanning multiple years outweighs Plaintiff having to wait a short duration for the Court's decision on the motion to dismiss.  Further, there is no indication that the quality of evidence to be discovered or the availability of witnesses would be affected by a short stay.  Finally, this case is in its infancy with the Carter Defendants having only filed its pending motion to dismiss on January 22, 2025.

***

      For all of these reasons, the Carter Defendants respectfully request that the Court stay discovery during the pendency of the motion to dismiss (ECF No. 35).

Respectfully,

*/s/ Jonathan Herstoff*

Jonathan A. Herstoff

*Counsel for Defendants Candi Carter and Cistus Media Inc.*

Application DENIED WITHOUT PREJUDICE.  Pursuant to Rule 3(B) of the Undersigned's Individual Practices in Civil Cases, any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to hold a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether written submissions will be required.  Parties should not make written submissions regarding discovery disputes absent Court permission.

In lieu of a teleconference, the parties should be prepared to discuss the request to stay discovery at the initial pretrial conference scheduled for tomorrow, January 31, 2025, at 10:00 A.M.

SO ORDERED.

1/30/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE