UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/13/2025___

KNOCKING INC.,

        Plaintiff,

        v.

CANDI CARTER, CISTUS MEDIA INC.,
COURTNEY SPENCER, and ANA
PITCHER,

        Defendants.

Civil Action No.: 1:24-cv-09020-VEC

## CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

**WHEREAS**, the Parties (as defined herein) agree that the nature of this case will require the Parties to seek and produce documents and information, and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the Producing Party's (as defined here) legitimate proprietary interests;

**WHEREAS**, the Parties agree that a Protective Order ("Order") is necessary to minimize the harm flowing from the disclosure of sensitive information;

**WHEREAS**, the Parties agree that this Order is necessary for the exchange of discovery, but specifically reserve their right to seek leave for additional protections under Rule 26(c) or such other rule of this Court, to the extent they deem additional protections are warranted and necessary to protect their proprietary information;

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the Parties, and any non-party subject to discovery in this action, are bound by the terms of this Protective Order, except there is no bar from seeking additional

1

protections from the Court, governing the production and use of Confidential Information (as defined herein) and Highly Confidential Information (as defined here) and the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      **Scope of Protective Order**: This Protective Order applies to all Discovery Material (as defined herein) produced by a Producing Party in connection with this action.  In addition, this Protective Order allows for the filing of documents with the Court under seal if such documents contain Confidential Information or Highly Confidential Information.  This Protective Order shall apply regardless of whether such information was produced prior to or after entry of this Protective Order.

2.      **Definitions**:

      a.   The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is the type protectable under Rule 26(c) of the Federal Rules of Civil Procedure or is required to be kept Confidential by law or by agreement with a third party or otherwise.  Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential Information and any electronic image containing Confidential Information shall be considered Confidential Information to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, copy, or electronic image is derived.

      b.   The term "Highly Confidential Information" means Confidential Information relating, referring to, or concerning marketing, pricing, sales, revenues, profits,

forecasts, or business plans or strategies that a Producing Party reasonably believes to contain highly confidential and competitively-sensitive information the disclosure of which would cause the Producing Party serious competitive and/or commercial harm.

c. The terms "Parties" or Party mean the following plaintiff and defendants in this action: Plaintiff Knocking Inc. ("Plaintiffs") and Defendants Candi Carter ("Carter"), Cistus Media Inc. ("Cistus"), Courtney Spencer ("Spencer"), and Ana Pitcher ("Pitcher") (collectively, "Defendants") (Carter, Cistus, and Pitcher are collectively referred to as "Carter Defendants").

d. The term "Producing Party" means any Party, Person, or non-party who produces any information in this action, whether oral or in documentary or other tangible form.

e. The term "Receiving Party" means any Person to whom any information, including Confidential Information or Highly Confidential Information, is Disclosed in this action.

f. The term "Person" means any natural person or any business, legal, or governmental entity or association.

g. The terms "Disclose" or "Disclosure" mean to show, give, make available, or communicate, in any fashion, to any Person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any Party or non-party in this action.

h. The term "Discovery Material" means any document or thing, and includes,

3

without limitation, any writings, video or audio tapes, computer-generated or recorded information in any form, materials, physical samples, oral or written testimony, expert reports or declarations, interrogatories, answer to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, contentions and other responses to requests for information or any tangible thing, produced by a Party or non-party in this action.

i.  The term "Outside Counsel" means outside counsel of record for the Party and associated personnel necessary to assist such outside counsel, including legal assistants, paralegals, analysts, secretaries, stenographers, information technology specialists, graphic designers, animators, and clerical employees actually assisting such counsel; outside vendors that scan, code, and/or produce documents at such counsel's request; translation services; computer services; trial consultants and their employees, mock judges, and jurors (and independent contractors hired to administer mock proceedings).

j.  The term "In-House Personnel" means either in-house personnel and in-house counsel for a party who have responsibility for making decisions dealing directly with this action or who are assisting outside counsel in preparation for proceedings in this action and associated personnel necessary to assist such in-house personnel or counsel, including legal assistants, paralegals, secretaries, stenographers, information technology specialists, and clerical employees actually assisting such counsel.

4

k.  The term "Qualified Person" means: (1) Outside Counsel; (2) one In-House Personnel for Plaintiff and each Defendant, who agree to be bound by the terms of this Protective Order by signing the attached Exhibit A, provided that all applicable requirements of paragraphs 6 and 7 below are satisfied; (3) current or former employees of any Party who are authors, addressees, or copy recipients of the relevant documents, to the extent such current or former employees are Parties to or witnesses in this case; (4) outside independent experts and consultants of the Parties who are assisting Outside Counsel in this action and any necessary assistants and stenographic and clerical employees under the direct supervision and employed by them or their employer or organization, provided that all applicable requirements of paragraphs 6 and 7 below are satisfied; and (5) the Court and Court personnel, including stenographic reporters and jurors who are assigned to this case.

l.  Any term not defined herein shall have its ordinary meaning.

3.  **Designation of Confidential Information or Highly Confidential Information**:

a.  Counsel for any party may designate any document or information, in whole or in part, as confidential or highly confidential if counsel determines, in good faith, that such designation meets the definition of Confidential Information and Highly Confidential Information herein, is necessary to protect the interests of the client in information that is proprietary, or otherwise sensitive non-public information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."  Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."

5

b.  A Producing Party may designate as Confidential Information or Highly Confidential Information any of its Discovery Material that may be protected under Fed. R. Civ. P. 26(c) and for which a good faith claim of a need for protection from Disclosure can be made under applicable law.  The designation shall be made or supervised by an attorney.  Any information supplied in documentary or other tangible form may be designated by the Producing Party, or other Person claiming that the information is Confidential Information or Highly Confidential, by placing or affixing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or a substantially similar legend.

c.  Any information designated as Confidential Information or Highly Confidential Information shall be maintained in confidence by any Receiving Party and used by the Receiving Party solely for use in connection with this action. Confidential Information and Highly Confidential Information shall not be disclosed to any other Person without the prior written consent of the Party or Person originally designating the Discovery Material as Confidential Information or Highly Confidential Information.

d.  Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

 i.  The Receiving Party and Outside Counsel, including In-House Personnel;

 ii.  Employees of Outside Counsel assigned to and necessary to assist in the litigation;

6

   iii. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   iv. The Court (including the mediator, jurors, or other person having access to any Confidential Information by virtue of his or her position with the Court).

 e. Documents designated as "Highly Confidential Information" shall not be disclosed to any person, except:

   i. Outside Counsel;

   ii. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   iii. The Court (including the mediator, jurors, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

   iv. To such other persons as counsel for the Producing Party agrees or as ordered by the Court.

 f. Documents and things produced prior to the entry of this Protective Order shall be treated as having been produced marked as Confidential Information or Highly Confidential Information as deemed appropriate by the Producing Party.

 g. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure.

4. **Confidential Testimony**: Testimony obtained from a deposition or hearing may be

designated as Confidential Information or Highly Confidential Information when appropriate, either on the record at the deposition or hearing or by letter within thirty (30) calendar days after receipt if the final (i.e., not "draft" or "rough") transcript.  Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or a substantially similar legend, to pages that contain testimony designated as such.  Subject to any requirements of the Court, the videographer for any deposition or hearing shall affix a mark of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or a substantially similar legend to videotapes, audio tapes, CDs, DVDs, or any other media that contain testimony designated as such.  All such transcripts and media shall be treated as Highly Confidential Information until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

5.     **Publicly Available Material**: Discovery Material that has been produced to or prepared by or for, any government agency that is available to the public, either by the Freedom of Information Act or other federal or state law, and Discovery Material which is otherwise available to the public from any source, should not be designated as Confidential Information or Highly Confidential Information.  If a Party receives material designated as Confidential Information or Highly Confidential Information that the Party believes falls under this paragraph, the Party may challenge the designation and request relief from the Court, after conferring in good faith with Outside Counsel for the producing party.  If the Party seeks relief from the Court, until the Court rules on the requested relief, the Discovery Material shall be treated as originally designated.

6.     **Disclosure of Confidential Information to Qualified Persons**: Any information designated as Confidential Information shall be maintained in confidence by any Receiving Party.

Confidential Information may be Disclosed only to Qualified Persons as set forth in paragraphs 2(k)(1)-(5) above. Prior to any Disclosure to Qualified Persons in paragraphs 2(k)(2) and (4) above, the relevant requirements of paragraphs 6 and 7 below shall be satisfied, including that each such Qualified Person in paragraphs 2(k)(1)-(2) and (4) above shall read this Protective Order and sign Exhibit A attached hereto. The Party that has retained, or Disclosed Confidential Information to, the Qualified Persons shall retain a copy of the executed Exhibit A(s) until the final resolution of this action. Confidential Information shall not be disclosed to any other Person without the prior written consent of the Party or Person originally designating the Discovery Material as Confidential Information.

    a. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

        i. Inform the Person of the confidential nature of the information or documents;

        ii. Inform the Person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and,

        iii. Require each such Person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. **Disclosure of Highly Confidential Information to Qualified Persons**: Any information designated as Highly Confidential shall be maintained in confidence by any Receiving Party and used by the Receiving Party solely for use in connection with this action. Highly Confidential Information may be Disclosed only to Qualified Persons as set forth in 2(k)(1), (3),

(4), and (5) above.  Prior to any Disclosure to Qualified Persons in paragraph 2(k)(4) above, the relevant requirements of paragraphs 6 and 8 shall be satisfied, including that each such Qualified Person in paragraph 2(k)(4) shall read this Protective Order and sign Exhibit A attached hereto. The Party that has retained, or Disclosed Highly Confidential Information to, the Qualified Persons shall retain a copy of the executed Exhibit A(s) until the final resolution of the action.  Highly Confidential Information shall not be disclosed to any other Person without the prior written consent of the Party or Person originally designating the Discovery Material as Highly Confidential Information.

    a.  Prior to disclosing or displaying the Highly Confidential Information to any person, counsel must:

        i.  Inform the Person of the confidential nature of the information or documents;

        ii.  Inform the Person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and,

        iii.  Require each such Person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

    8.  **Disclosure of Confidential Information to Experts and Consultants**:   The following applies for each independent expert and consultant described in paragraph 2(k)(4) above to whom a Party desires to Disclose Confidential Information under the terms of this Order:

    a.  Prior to any Confidential Information being Disclosed to any independent expert or consultant, such expert or consultant shall first read this Protective

Order and sign the Undertaking attached hereto.

b.  At least five (5) business days prior to the Receiving Party Disclosing Confidential Information to any expert or consultant, the Receiving Party shall deliver (by electronic mail) to the other Party: (1) a copy of the expert's or consultant's signed Undertaking; (2) the expert or consultant's resume or curriculum vitae; (3) identification of the expert or consultant's present employer, job title, and job description; (4) a list of all cases in which the expert or consultant has testified at trial or deposition within the last four years; and (5) identification of the expert or consultant's relationship, if any, to a Party in this action.

c.  If a Party has a good faith basis for believing it would be harmed by the proposed Disclosure, the party shall be entitled to object to such Disclosure within five (5) business days after service of the information called for in paragraph 8(b).  Objections must be in writing and state with particularity the basis for the objection.

d.  In the event of such an objection to Disclosure of Confidential Information, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such Disclosure, the Party objecting to Disclosure may, within five (5) business days of the meet and confer, initiate a request that the Court issue an order barring such Disclosure, and the Parties thereafter shall follow Judge Caproni's rules governing discovery disputes. The objecting Party shall have the burden of showing why that person should not have access to

Confidential Information. Pending resolution of any such motion or application, no Disclosure of Confidential Information shall be made to that person. The filing and pendency of such motion or application shall not limit, delay, or defer any Disclosures of Confidential Information to persons as to whom no such objection has been made.

9. **Disclosure of Confidential Information to In-House Personnel:**

Designated In-House Personnel. The following applies the three In-House Personnel described in paragraph 2(k)(2) to whom a Party desires to Disclose Confidential Information under the terms of this Order ("Designated In-House Personnel"):

    a.   Designated In-House Personnel shall not be involved in competitive decision-making activities for a Party. "Competitive decision-making," as used herein, does not include legal decision-making or advising responsibilities relating to products containing colchicine, including, for example, negotiating or executing agreements to settle litigation including responsibilities related to any financial terms of such agreements. Designated In-House Personnel is permitted to use in-house support staff to whom it is reasonably necessary to disclose the information for this particular litigation.

    b.   Prior to any Confidential Information being Disclosed to any Designated In-House Personnel, such Designated In-House Personnel shall read this Protective Order and sign the Undertaking attached hereto. The Party seeking to Disclose Confidential Information to the Designated In-House Personnel shall deliver (by electronic mail) a copy of the executed Undertaking to the other Party prior to Disclosure of any Confidential Information.

12

c. In the event that any of the Designated In-House Personnel receiving Confidential Information pursuant to Paragraph 2(k)(2) no longer can serve as a Designated In-House Personnel in this action, the Receiving Party may select a replacement Designated In-House Personnel to view Confidential Information of the Producing Party. The new Designated In-House Personnel shall execute an Undertaking as required herein, and shall otherwise comply with all terms of this Protective Order. The Party seeking Disclosure to a replacement Designated In-House Personnel shall deliver (by electronic mail) a copy of the executed Undertaking to the other Party. If a Party has a good faith basis for believing it would be harmed by the proposed Disclosure to any replacement Designated In-House Personnel, the Party shall proceed as directed in paragraphs 8(c) and 8(d) above.

d. Notwithstanding any of the foregoing, any material, or portion of any material, that contains Highly Confidential Information may not be disclosed to any In-House Personnel described in paragraphs 2(k)(2), 9(a), and 9(c) absent written consent of the Producing Party. Such information may, however, be disclosed to a Qualified Person under paragraphs 2(k)(1), 2(k)(3), 2(k)(4), and 2(k)(5). A Producing Party must designate materials as outside counsel – meaning they can be disclosed to a Qualified Person under paragraphs 2(k)(1), 2(k)(3), 2(k)(4), and 2(k)(5) – by placing or affixing on each page of such document, or on the face of such thing, the legend "OUTSIDE COUNSEL ONLY."

10. **Use of Designated Materials**:

a. Subject to paragraph 15 below, Confidential Information and Highly

13

Confidential Information shall be used by the Receiving Party solely for the purposes of preparation for trial, pretrial proceedings, and trial of the above-captioned action and not for any business, commercial, regulatory, competitive, personal, or other purpose or any other action. Furthermore, subject to paragraph 15 below, Confidential Information and Highly Confidential Information Disclosed in this litigation shall not be used in any other action.

b. Notwithstanding the foregoing, it is, however, understood that counsel for a party may give advice and opinions to his or her client relating to the above-captioned action based on his or her evaluation of Confidential Information and Highly Confidential Information, provided that such advice and opinions shall not reveal the specific content of the Confidential Information or Highly Confidential Information to a person not authorized to receive such information as set forth herein, except by prior written agreement of counsel for the parties, or by Order of the Court. Confidential Information and Highly Confidential Information may be Disclosed by a Receiving Party during a deposition, to the extent that its use is reasonably necessary, at the depositions of the following:

   i. The present directors, officers, employees, agents, or Rule 30(b)(6) designees of the Producing Party;

   ii. An author, addressee, or other person indicated as a lawful recipient of a document containing the information;

   iii. A person who is clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior Disclosure of the Confidential Information or Highly

14

Confidential Information);

    iv.   An independent advisor, consultant, or expert otherwise qualified under this Protective Order to receive such information; or

    v.   Any person for whom prior authorization is obtained from the Producing Party or the Court.

11. **Inadvertent Productions**:

    a.   In the event any document or thing is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Receiving Party shall, as soon as possible but not later than seven (7) calendar days of receipt of a written request by the Producing Party, return the original to the Producing Party (or at the option of the Receiving Party destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains. Upon receiving notice of inadvertent production, the Receiving Party(ies) shall not make any use of such document or thing or disseminate the same in any way. The unintentional or inadvertent production of privileged, work-product-protected, or otherwise immune documents or information in the course of discovery in this action shall not constitute a waiver of any privilege, work-product-protection, or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject

15

matter provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent production promptly after the Producing Party discovers such unintentional or inadvertent production.  Return of a document for which the Producing Party has asserted a claim of privilege, work-product protection, or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection, or immunity is invalid, inapplicable, or waived.  In the event that the Receiving Party decides to seek an order from the Court directing production of any document or documents recalled as immune from discovery, the Receiving Party may retain one quarantined paper copy of the document or documents that are the subject of the motion to be used only for the purposes of requesting relief from the Court.  The Receiving Party must either destroy or return to the Producing Party the quarantined paper copy upon any determination by the Court that the assertion of privilege, work-product protection, or other immunity was proper.  The inadvertent production of privileged, work-product-protected, or otherwise immune documents or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).

b. The disclosure of a document or information without designating it as "CONFIDENTIAL" " or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential

Information or Highly Confidential Information, provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent failure to designate promptly after the Producing Party discover such unintentional or inadvertent failure to designate. If so designated, the document or information shall thereafter be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Stipulation and Order. In the event of an unintentional or inadvertent failure to designate any information, arrangements shall be made for the return to the Producing Party, or the destruction or deletion of, all copies of the unintentionally or inadvertently undesignated information and for the substitution, where appropriate, of properly labeled copies.

c. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. **Filing**: All documents containing Confidential Information or Highly Confidential Information, including pleadings, motions and other papers, shall be filed with the

17

Court under seal in accordance with the Court's Local Rules and CM/ECF procedures.

13. **Parties to Cooperate to Limit Filings under Seal**: Where possible, only those portions of filings containing Confidential Information or Highly Confidential Information shall be filed under seal.  The Parties shall endeavor in good faith to avoid filing materials under seal whenever possible.

14. **Changes to Confidentiality Designations and Requests to Disclose Confidential Information to Non-Parties**: If the Receiving Party disagrees with the confidentiality designation of all or part of a document by the Producing Party, then the Receiving Party shall so notify, in writing, Outside Counsel for the Person or Party asserting the confidentiality of the information.  Outside Counsel for the Person or Party asserting the confidentiality of the information and the Receiving Party shall first try to resolve such dispute within seven (7) calendar days after receipt of the Receiving Party's notice.  If the dispute cannot be resolved, the Receiving Party, upon no fewer than seven (7) calendar days from receipt of written notice by the Person or Party asserting the confidentiality, may seek a ruling from the Court that the information is improperly designated or that such Disclosure should take place because the interest of the Person or Party asserting the confidentiality in limiting the dissemination of the information is outweighed by the need for such Disclosure.  Pending a determination by the Court, such information shall be treated as Confidential Information or Highly Confidential Information as designated by the Person or Party asserting the confidentiality claim.

15. **Preservation of the Right to Challenge Confidentiality Designation**: In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the

challenging party may seek resolution by the Court.  This Protective Order shall be without prejudice to the right of any Party or other subscriber to this Protective Order: (a) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or Highly Confidential Information, or whether its use should otherwise be restricted; or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c), for a separate Protective Order, subject to prior approval of the Court, as to any such particular document or information, including restrictions differing from those specified herein.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential Information.

16. **Subpoena by Other Courts or Agencies**: If Confidential Information or Highly Confidential Information in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed, shall (a) on or before the seventh business day of receipt thereof, give written notice by hand, email, or facsimile of such process or discovery request, together with a copy thereof, to Outside Counsel for the Producing Party; (b) withhold production or Disclosure of such

19

Confidential Information or Highly Confidential Information until the Producing Party consents in writing to production or the Receiving Party is required by a court order to produce such Confidential Information or Highly Confidential Information, so long as the order is not stayed prior to the date set for production or Disclosure and, in any event, provided that the Receiving Party provides a copy of such court order to Outside Counsel for the Producing Party prior to Disclosure; and (c) otherwise cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request.

17. **Modification Permitted**: Nothing in this Protective Order shall prevent any Party or other Person from seeking modification of this Protective Order, from objecting to discovery that it believes to be otherwise improper, from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may deem appropriate.

18. **Responsibility of Attorneys**: The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information and Highly Confidential Information.

19. **Purpose is to Facilitate the Exchange of Information**: This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to this action without involving the Court unnecessarily in this process.  Nothing

in this Protective Order, nor the production of any documents or things, or Disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of: (a) an admission or waiver, including waiver under the Federal Rules of Evidence or applicable Local Civil Rules, by any Party or other subscriber to this Protective Order; (b) altering the confidentiality of any such information; or (c) altering any existing obligation of any Party or other subscriber, or the absence of such obligation.

20. **Termination of the Litigation**: Within 90 calendar days after the conclusion of this litigation, including all appeals to any United States Court of Appeals and any review by the Supreme Court of the United States, all Confidential Information and Highly Confidential Information, and all copies of the same, shall be returned to the Producing Party or, at the option of the Receiving Party, destroyed.  This includes all notes, memoranda, or other documents that summarize, discuss, or quote materials produced and designated as Confidential, except that, with respect to word processing and database backup tapes and disks, the Receiving Party shall only be required to destroy or erase such tapes or disks to the extent practicable.  Outside Counsel for each Party shall be entitled to retain copies of all filings, their work product, any transcripts of depositions, hearings or trial testimony in this action, written discovery or discovery responses, as well as documents that have been marked as exhibits to a deposition and documents included on trial or exhibit lists and that contain or refer to information designated as Confidential Information or Highly Confidential Information.  Outside Counsel of record shall make certification of compliance herewith and shall deliver the same to Outside Counsel for the Party that produced the documents not more than 120 calendar days after conclusion of this litigation, including all review by appellate

tribunals as defined above.

21. **Third Parties**: Any third party that produces Discovery Material pursuant to the terms of this Protective Order shall have the same rights and obligations under this Protective Order as held by the Parties to this action.

22. **Information Not Covered by this Protective Order**: The restrictions set forth in this Protective Order will not apply to Confidential Information or Highly Confidential Information that is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which comes into the lawful possession of or becomes known to the Receiving Party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that, as shown in written records, such information does not become publicly known by any act or omissions of the Receiving Party which would be in violation of this Protective Order.

23. **Survival**: This Protective Order shall remain in full force and effect and survive the final termination of this action to the extent that any Confidential Information or Highly Confidential Information is not or does not become known to the public, or until a designating Party agrees otherwise in writing or a court order otherwise directs.

24. **Other Proceedings**: By entering this order and limiting the Disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to Disclosure in another case. Any Person or Party subject to this Order who becomes subject to a motion to Disclose another Party's information designated as Confidential Information or Highly Confidential Information pursuant to this Order shall promptly notify that Party of the motion so that the Party

may have an opportunity to appear and be heard on whether that information should be disclosed.

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court.

Notwithstanding any of the foregoing provisions, the parties must still comply with Rule 5 of the Undersigned's Individual Practices in Civil Cases when attempting to file any document under seal or in redacted form.

SO ORDERED.

VALERIE E. CAPRONI
United States District Judge

May 13, 2025

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNOCKING INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>CANDI CARTER, CISTUS MEDIA INC.,<br>COURTNEY SPENCER, and ANA<br>PITCHER,<br><br>           Defendants. | Civil Action No.: 1:24-cv-09020-VEC |

**UNDERTAKING AND ACKNOWLEDGMENT OF
PROTECTIVE ORDER
AND CONFIDENTIALITY STIPULATION**

I, _____, hereby attest as follows:

1. I understand that Confidential Information and/or Highly Confidential Information may be Disclosed to me under the terms of the Protective Order attached to this Exhibit A and Acknowledgement. I have a copy of and have read the Protective Order, and I agree to comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this agreement.

2. I agree that I will not Disclose to anyone else the Confidential Information or Highly Confidential Information Disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Protective Order, and that I will use such material only for the purposes of this litigation.

3. I agree that I will not keep any Confidential Information or Highly Confidential Information or copies of any such material (including notes or other memoranda or

writings containing or relating to such material) except to the extent permitted by the

Order, and, upon request, will destroy or return such material to the attorneys who

Disclosed the material to me.


Dated: _____  Signature: _____