```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/22/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KNOCKING INC.,

                Plaintiff,

        -v-

CANDI CARTER, ET AL.,

                Defendants.

**ORDER**

24-CV-9020 (VEC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    The Court held a conference regarding discovery disputes pending at ECF Nos. 59 and 65–68. For the reasons discussed during the conference, the requests for relief by Defendants Candi Carter, Cistus Media Inc., and Ana Pitcher (the "Carter Defendants"), ECF No. 59, are GRANTED IN PART and DENIED IN PART, and Plaintiff Knocking Inc.'s letter motion, ECF No. 67, is DENIED as moot.

    **A.    Disputes Regarding Plaintiff's Initial Disclosures and Carter Defendants' RFP No. 42**

    By May 29, 2025, Plaintiff is directed to serve on all Defendants a letter stating the basis for its claimed damages. To the extent Plaintiff's damages computation is based on Plaintiff's earned or expected profits and revenues, Plaintiff shall produce the non-privileged documents on which the computation is based. To the extent Plaintiff's damages computation is based on an estimate of the

1

profits of Defendant Cistus Media Inc., Plaintiff is not required to produce documents in support of that computation.

### B. Dispute Regarding Carter Defendants' RFP Nos. 11 and 15

Plaintiff is directed to produce documents responsive to the Carter Defendants' RFP Nos. 11 and 15 for any brand partner as to which Plaintiff contends there was misappropriation. To the extent Plaintiff expands its claims of misappropriation to brand partners beyond those named in the Complaint, Plaintiff must produce responsive documents for those brand partners as well.

### C. Dispute Regarding Carter Defendants' RFP Nos. 21 and 22

Plaintiff is directed to produce documents responsive to the Carter Defendants' RFP Nos. 21 and 22 in Phase 2 of document production. This ruling does not narrow the ruling as to Plaintiff's initial disclosures, *see* Section A.

### D. Dispute Regarding Carter Defendants' RFP No. 23

Plaintiff is directed to produce any agreement governing Plaintiff's receipt or use of information from any brand partner as to which Plaintiff contends there was misappropriation. To the extent Plaintiff expands its claims of misappropriation to brand partners beyond those named in the Complaint, Plaintiff must produce responsive documents for those brand partners as well.

### E. Dispute Regarding Carter Defendants' RFP No. 35

For each Defendant, Plaintiff is directed to produce documents concerning performance reviews, exit interviews, and, to the extent they exist, communications

reflecting negotiations regarding confidential and proprietary information during the termination of such Defendant's employment or engagement with Plaintiff.

### F. Dispute Regarding Carter Defendants' RFP Nos. 36 and 41

The Carter Defendants' request for the production of documents related to complaints filed by any Defendant with Plaintiff's human resources department is DENIED as irrelevant on the present record.

### G. Dispute Regarding Carter Defendants' RFP No. 40

Plaintiff is directed to produce the settlement agreement between it and Defendant Candi Carter, as well as any non-privileged internal communications that relate to the parties' obligations regarding confidential and proprietary information.

### H. Dispute Regarding Deposition of Third-Party Megan Meany

Plaintiff's letter motion requesting relief in advance of the deposition of Megan Meany is DENIED as moot, given that the deposition occurred on May 21, 2025. To the extent Plaintiff intends to seek relief regarding the circumstances of this deposition, Plaintiff may file a letter motion after conferring with all parties.

**The parties must coordinate regarding the scheduling of depositions, including third-party depositions.** No *ex parte* depositions are permitted.

## CONCLUSION

The Carter Defendants' requests for relief at ECF No. 59 are GRANTED IN PART and DENIED IN PART.

Plaintiff's Letter Motion at ECF No. 67 is DENIED as moot, and the Clerk of Court is respectfully directed to terminate it as such.

**SO ORDERED.**

Dated: May 22, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge

4